IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACEY JOHNSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| DEPOSCO, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

The Plaintiff Tracey Johnson complains against the Defendant Deposco, Inc. as follows:

## PARTIES

1. The Plaintiff Tracey Johnson is an African American woman and a former employee of the Defendant Deposco, Inc. She resides in Cobb County, Georgia. The conduct complained of in this action occurred in Fulton County, Georgia.

2. The Defendant Deposco, Inc. is a Deleware corporation licensed to do and transacting business in Georgia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. §2000e-5 (Title VII).

4. Plaintiff Tracey Johnson resides in the judicial district of the United States District Court for the Northern District of Georgia.

5. The Defendants regularly conduct business in the judicial district of the United States District Court for the Northern District of Georgia.

6. Some or all of the conduct Plaintiff complains of occurred in the judicial district of the United States District Court for the Northern District of Georgia.

**FACTUAL ALLEGATIONS**

7. On March 15, 2021 Deposco Talent Acquisition Specialist Kylee Warkentin contacted Plaintiff Tracey Johnson on Linked-In to solicit her to submit an employment application with Defendant for the job of Executive Administrative Assistant to its Chief Financial Officer Edward Casey.

8. Ms. Johnson has extensive experience as an Executive Administrative Assistant and was qualified for the position. On March 23, 2021 Ms. Johnson submitted her application.

9. On April 29, 2021 Deposco, Inc. offered Tracey Johnson the job of Executive Administrative Assistant to CFO Edward Casey.

10. Ms. Johnson was to start May 10, 2021 and be compensated $80,000 per year in addition to benefits and stock options. Neither Deposco's offer letter nor any other communication from Defendant informed Ms. Johnson that she would be subject to a background check.

11. Ms. Johnson accepted the Executive Administrative Assistant to the CFO position on or about April 30, 2021.

12. On Ms. Johnson's first day of work, May 10, Mr. Casey told Ms. Johnson that she was already behind because she had failed to acquire the necessary background check. This communication constituted Ms. Johnson's first notice that Deposco would require her to submit to a background check.

13. Ms. Johnson agreed to submit to a background check each time she was asked.

14. On May 10, 2021 Ms. Johnson went to Deposco Human Resources to receive necessary onboarding information and documents. During that meeting Deposco Human Resources employee Vita Kurt told Ms. Johnson that no other employee of Deposco had been subject to a

background check for any other reason and that Deposco did not even have a policy regarding background checks.

15. On information and belief, Ms. Johnson was the only African American employee of Deposco.

16. On May 11, 2021 Ms. Johnson, who was to report to work at 10:00 am that day, received a text message from Mr. Casey prior to that asking why she was not yet at work. When she arrived at work Mr. Casey again told her that she needed to complete a background check and she agreed telling him she would do whatever she needed to do. Later that day, Mr. Casey wrongfully accused Ms. Johnson of taking a folder from his office without permission.

17. On May 11, 2021 Ms. Johnson again went to human resources, this time to report that Mr. Casey's behavior towards her seemed aggressive and harassing.

18. On the morning of May 13, 2021 Ms. Johnson attended a meeting with Mr. Casey and others. She informed him that she felt she was being singled out for a background check and for harassment. Mr. Casey denied that Deposco was singling out Ms. Johnson and ultimately asked her to return her badge and company property.

19. Later on May 13, 2021 Deposco wrote Ms. Johnson a letter purporting to accept her resignation. Ms. Johnson had not resigned and responded to the letter indicating that she had not resigned. Nevertheless, Deposco terminated Ms. Johnson effective May 13, 2021.

20. On November 15, 2021 Ms. Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that Deposco discriminated against her on the basis of race when it elected to terminate her employment. A true and correct copy of that charge is attached hereto as Exhibit A.

21. The EEOC issued a Right to Sue letter for Ms. Johnson on August 4, 2022. A true and correct copy of that letter is attached hereto as Exhibit B.

## COUNT I
### (Race Discrimination, Title VII)

22. The Plaintiff incorporates by references the factual allegations in the preceding paragraphs.

23. Ms. Tracey Johnson is an African-American woman.

24. Ms. Johnson was qualified to perform the duties of the position of Executive Administrative Assistant to the CFO.

25. Immediately upon starting her employment Ms. Johnson was the target of harassment by Mr. Casey. He singled her out as the only African-American employee and demanded that she take a background check not required of any other Deposco employee – including employees in the Finance Department. Upon information and belief, Mr. Casey singled out Ms. Johnson because of her race and subjected her to additional scrutiny and harassment because of her race.

26. Race was a motivating factor in the decision to terminate Ms. Johnson. Because race was a motivating factor, Deposco's termination of Ms. Johnson's employment violated 42 U.S.C. § 2000e-2 (Title VII).

## COUNT 2
### (Race Discrimination, Section 1981)

27. The Plaintiff incorporates by references the factual allegations in the preceding paragraphs.

28. Ms. Tracey Johnson is an African-American woman.

29. Ms. Johnson was qualified to perform the duties of the position of Executive Administrative Assistant to the CFO.

30. Immediately upon starting her employment Ms. Johnson was the target of harassment by Mr. Casey. He singled her out as the only African-American employee and demanded that she take a background check not required of any other Deposco employee – including employees in the Finance Department. Upon information and belief, Mr. Casey singled out Ms. Johnson because of her race and subjected her to additional scrutiny and harassment because of her race.

31. Race was the but-for cause in the decision to terminate Ms. Johnson. Because race was the but-for cause, Deposco's termination of Ms. Johnson's employment violated 42 U.S.C. § 1981.

## COUNT 3
### (Retaliation, Title VII and Section 1981)

32. The Plaintiff incorporates by references the factual allegations in the preceding paragraphs.

33. Ms. Tracey Johnson is an African-American woman.

34. Ms. Johnson was qualified to perform the duties of the position of Executive Administrative Assistant to the CFO.

35. Immediately upon starting her employment Ms. Johnson was the target of harassment by Mr. Casey. He singled her out as the only African-American employee and demanded that she take a background check not required of any other Deposco employee – including employees in the Finance Department. Upon information and belief, Mr. Casey singled out Ms. Johnson because of her race and subjected her to additional scrutiny and harassment because of her race.

36. Ms. Johnson complained to Deposco Human Resources of this treatment. That complaint only escalated the conduct and resulted in her termination on May 13, 2021.

37. Deposco's harassment and termination of Ms. Johnson following her complaint constitute retaliation in violation of 42 U.S.C. § 1982 and 42 U.S.C. § 2000e-2 (Title VII).

WHEREFORE PREMISES CONSIDERED, Ms. Johnson respectfully requests that following relief be granted:

(a)  an award of back pay and benefits plus interest on same;

(b)  compensatory damages and to the extent permitted punitive damages;

(c)  the costs of litigation including expert witness fees if applicable;

(d)  a reasonable attorneys' fee;

(e)  and any other legal or equitable relief the Court deems appropriate.

## PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted this 2nd day of November, 2022,

**/s *Nicolas M. Stanojevich***
Nicolas M. Stanojevich
Attorney for Plaintiff
Georgia Bar No.: 173544

QUINN, CONNOR, WEAVER
DAVIES & ROUCO, LLP
3516 Covington Highway
Decatur, Georgia 30032
404.299.1288
nstanojevich@qcwdr.com